UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MALIK H AHMAD,

Plaintiff,

v.

Case No. 26-cv-1479-bhl

CITY OF GREENFIELD, et al,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

On August 28, 2026, Plaintiff Malik H. Ahmad filed a complaint against Defendants City of Greenfield, Greenfield Police Department, Officers O'Brien, Arnold, Blenski, Vajgrt, "Third Shift Captain Greenfield PD," and John Doe Officers. (ECF No. 1.) He also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) This Order addresses Ahmad's IFP motion.

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Ahmad's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 4.) Ahmad represents he is employed and unmarried. (*Id.* at 1.) He receives $5,000 per month from PEC Electric, his employer. (*Id.* at 2). Ahmad reports that he pays $500 monthly towards rent and $700 towards a car payment (but also indicates that he does not own a car.) (*Id.* at 2–3.) He further reports $1,000 in monthly household expenses, along with a $100 phone bill and $200 in miscellaneous expenses, but it is unclear whether the phone bill and miscellaneous expenses are part of the $1,000 in household expenses. (*Id.*) He also reports paying $1,000 in credit card bills each month. (*Id.* at 2.) He indicates that he has total monthly expenses of $3,500. (*Id.* at 3.) He also has $300 in cash, checking, or savings, and $1,200 in other property of value. (*Id.*)

On these facts, the Court will deny Ahmad's IFP motion because he is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that she is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Based on Ahmad's representations, it appears that he has the financial resources to facilitate payment of the filing fee. He has a substantial income that exceeds his monthly expenses and he is therefore in a position to pay the required fee.

Ahmad argues that he has incurred additional financial hardship as a result of the incident at the center of his complaint, in which he alleges officers confiscated his phone, held him down, strip searched him, and injured his head. (ECF No. 1 at 4–5.) His IFP declaration states he missed almost a week of work, had medical bills from his injuries, and lost work-related "data and contact information" from the device Defendants allegedly lost. (ECF No. 2 at 4.) While the Court sympathizes with Ahmad's situation, these allegations do not indicate that he cannot prepay the filing fee. "Litigation is not a free good," and payment causes the "plaintiff to think about the case and not just file reflexively." *See Lumbert v. Illinois Dep't of Corrs.*, 827 F.2d 257, 259 (7th Cir. 1987). The Court will give Ahmad **sixty (60) days** from the date of this Order to pay the filing fee. If he does not pay, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Ahmad's Motion to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**. Ahmad has until December 21, 2026, to pay the filing fee; otherwise, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on October 22, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge